

FILED

2013 MAR -6 PM 2: 47

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

# In The United States District Court
# For the North East District OF Ohio
## IN CUYAHOGA COUNTY



1:13 CV 494

JUDGE BOYKO

MAG. JUDGE BAUGHMAN

| | |
|---|---|
| *************************************** * | |
| KENNETH A. STEWART | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * FIFTH AMENDMENT |
| | * FOURTEENTH AMENDMENT |
| UNITED STATES of AMERICA | * FREEDOM OF INFORMATION ACT |
| DEPARTMENT of VETERANS AFFAIRS | * BREACH OF CONTRACT |
| (Department of Veterans Affairs – VRO) | * RICO-1/ RICO-2 |
| (Department of Veterans Affairs-VAMC) | * CONSPIRACY AGAINST RIGHTS |
| SUSAN FUEHRER | * DEPRIVATION OF RIGHTS |
| K. FREEMAN | * FRAUD |
| JOSEPH PICKLO | * FRAUDULENT CONCEALMENT |
| DELORIS CLOUD | * INTENTIONAL/ |
| JESSICA FLESHER | * RECKLESS MISREPRESENTATION |
| MICHAEL FULLERTON | * TAMPERING |
| MELVIN KADO, JR. | * INTENTIONAL INFLICTION/ |
| MR. CHARLES L. MOORE | * OF EMOTIONAL DISTRESS |
| MR. WILL BROWN | * SCHEME |
| et al., | * RECKLESS/WANTON MISCONDUCT |
| | * 18 USC 1001 STATEMENTS |
| Defendants | * 18 USC 1341 MAIL FRAUD |
| | * 44 USC 3101 RECORD MANAGEMENT |
| | * 44 USC 3102 CONTROL |
| | * 44 USC 3103 TRANSFER OF RECORDS |
| | * 44 USC 3104 CERTIFICATION /TRANSFER |
| | * 44 USC 3105 SAFEGUARDS |
| | * 44 USC 3106  UNLAWFUL REMOVAL |
| | * |

## *COMPLAINT*

Comes now Kenneth Allen Stewart ("Stewart") who, being duly sworn, deposes and says as follows and invokes the jurisdiction of this Court as aforesaid established in accordance with 28 USC 1331 (Federal question) which states that the district court shall have original jurisdiction of all civil action arising under the Constitution, laws, or treaties of the United States. In addition to 28 USA 1339 (Postal matters) states that the district court shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service.

Whereas, 28 USA 1343 (Civil rights and elective franchise), the district courts have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States. (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote. This action is brought to redress Constitutional violations pursuant to Fifth and Fourteenth Amendments, the right to do process and equal protection of the laws.

Stewart also brings this action to redress statutory violations pursuant to 18 USC 1341-1343 (Mail and Wire Fraud), 5 USC 522 (Freedom of Information Act), 18 USC 241(Conspiracy against rights), 18 USC 242 (Deprivation of rights under color of law), 18 USC 1346(definition of "scheme or artifice to defraud"), 44 USC 2901(Federal responsibility), 44 USC 3102(Agency responsibility), 44 USC 2902(5)

(Preservation of records), 44 USC 2902(6) (Attention to records), 44 USC 3103(Transfer of Records), 44 USC 3104(Certification of Transfer of Records), 44 USC 3105(Safeguards).

In addition to the aforesaid, Stewart also brings this action to redress statutory violations pursuant to the Ohio Revised Code 2923.01 (Conspiracy) and 2923.03 (Complicity).

In addition to the aforesaid, Stewart also brings this action for common law breach of contract, unjust enrichment, fraudulent concealment, civil conspiracy, intentional or fraudulent misrepresentation, conspiracy, and intentional inflection of emotional distress.

Stewart brings this Complaint for himself against The United States, Secretary of Veterans Affairs-Eric K, Shineski, Susan Fuehrer, Charles L. Moore, Deloris Cloud, Jessica Flesher, Michael Fullerton, Joseph Picklo, Tony Richards, Freeman (DRO), Melvin Kado, JR., Will Brown., jointly and severally, to obtain declaratory and injunctive relief, damages, including but not limited to compensatory and punitive damages, cost of suit, and attorneys' fees, saying and complaining as follows:

## *NATURE OF THE ACTION*

1.  This action is brought under the pertinent provisions of Federal Rule of Civil Procedure 23 and all applicable local civil rules of The Northern District of Ohio, in the Eastern Division with respect to the originating of the records in question, the control and management of the records in question by the Cleveland VAMC, and transferred to

2

the Cleveland VRO for benefits, or other locations to be stored and
maintained, and other records practices engaged in by The United
States Government, Secretary of Veterans Affairs-Eric K. Shineski,
Susan Fuehrer, Charles Moore, Deloris Cloud, Jessica Flesher,
Michael Fullerton, and Joseph Picklo,

2.         In a scheme to hide the violations of the United States Cod's as
they relate to  the Freedom of Information Act, and  44 of that code, and
use of The United States Mail. The United States Government and its'
Agencies, particularly the Cleveland VAMC and their assign,
management, and employees, including and not limited to Ms. Susan
Fuehrer, Ms. Deloris Cloud, Ms. Jessica Flesher, Mr. Michael
Fullerton, and Joseph Picklo, who used their positions to have reaped
millions of dollars in savings through employment of a pattern of
deceptive practices, misled Stewart with unconscionable, and
fraudulent tactics to deny service and access to records as designed by law
under the Freedom of information Act.

3.         This action seeks damages, including but not confined to punitive
damages, redress of injuries, injunctive and declaratory relief, rescission,
attorney's fees and costs, and other relief, all arising out of The United
States, Secretary of Veteran Affairs- Eric K. Shineski, VAMC, VRO, Ms.
Susan Fuehrer, Mr. Charles Moore, Ms. Deloris Cloud, Ms. Jessica
Flesher, Mr. Michael Fullerton, and Mr. Joseph Picklo 's violations
pursuant to 18 USC 1341-1343 (Mail and Wire Fraud), 5 USC 522

3

(Freedom of Information Act), 18 USC 241(Conspiracy against rights), 18 USC 242 (Deprivation of rights under color of law), 18 USC 1346(definition of "scheme or artifice to defraud"), 44 USC 2901(Federal responsibility), 44 USC 102(Agency responsibility), 44 USC 2902(5)(Preservation of records), 44 USC 2902(6) (Attention to records), 44 USC 3103(Transfer of Records), 44 USC 3104(Certification of Transfer of Records), 44 USC 3105(Safeguards).In addition to the aforesaid, Stewart also brings this action for common law breach of contract, unjust enrichment, fraudulent concealment, civil conspiracy, intentional or fraudulent misrepresentation, conspiracy, intentional inflection of emotional distress, as well as related claims in connection with deceptive practices and services as/or transferred by the aforesaid to their associates and agents.

4.        This action also seeks injunctive relief, damages, including but not limited to punitive damages, redress of injuries, attorney's fees and costs, and other relief, all arising out of he American Legion, Mr. Melvin Kado, JR., and Mr. Will Brown's violation of 18 USC  241(Conspiracy against rights), 18 USC 242 (Deprivation of rights under color of  law), fraudulent concealment, civil conspiracy, and intentional inflection of emotional.

### *STATEMENT OF JURISDICTION*

5.      This Court's jurisdiction over this, the original filing of aforesaid action is

brought under the pertinent provisions of the applicable local civil rule, LR 3.8(a) of the

state of Ohio, whereas said proceedings of the District Court of The Northern District of

Ohio, is divided into two division.

6.      The first is the Eastern division, which has three

divisional offices, which one is located in the City of Cleveland, the county of

Cuyahoga. In addition to the LR, this case also has Federal jurisdiction, whereas this is

also brought under the pertinent provisions of Federal Rules of Civil Procedure 23, and

in addition to that, this action is premised upon the existence of a federal claim and or

controversy, and is invoked under 18 U.S.C. 1341, 1343. Mail or wire fraud, and 28

U.S.C. 1339 which gives the district court original Jurisdiction of any civil action arising

under any act of Congress relating to the postal service. In addition to the aforesaid the

district court also has federal jurisdiction premised upon the fact that this being a civil

action arising under the Constitution and laws of the United States.


## JURISDICTION
## NOT TO BE CONFUSED

7.      This Court's jurisdiction over this, the original filing of aforesaid action is not to

be confused with or related to any action sought under Title 38 of the United States

Code and the Veterans Judicial Review Act of 1988. Whereas the Veterans Judicial Act

has jurisdiction over claims that require it to review ant questions of fact or law relating

to or affecting veterans' benefits decisions'. Thought this case has issues of due process

and equal protection under the law, those questions are of a Constitutional question and

not a veterans issue.

5

8.      This case is extremely prejudice , as it seeks to resolve issues as the

are related to those issues as aforesaid covered by the District Court, which are covered

explicitly covered under Title 44 of the United States Code and not with title 38 of the

Code. 44 USC CHAPTER 31, deals with records management by all federal agencies,

nowhere has the code made mention of any exception granted to the Department of

Veterans Affairs, and for that reason of law, it is inclusive of the Department of Veterans

Affairs, not as a veteran, but as a citizen of The United States of America, and there by is

were I seek, and is due my Constitutional equal protection, and due process.

## RULING UNDER REVIEW

9.      The Plaintiff in filing this Original Proceeding, seeks no review at this time nor is

he seeking any review, motion or official citation, connected with this case. Not in this

District Court or any other district Court.

## RELATED CASES

10.     This case was not previously in this District Court nor any other District Court.

nor is this case attached to, related to, nor consolidated with any other case in this District

Court, as of now at this present filing, or in any filing in the past.

## *PLAINTIFF (STEWART)*

11.     This action is brought by Stewart, a native Ohio Resident, born and raised,in

Cuyahoga County, in the the North East District. In addition to being a resident  of the

State of Ohio, Stewart, is an unemployed Veteran with numerous medical problems, both

physical and psychological problems including and not limited to PTSD, Bipolar

Disorder, General Anxiety Disorder, Anemia, Panic Attacks, Congestive Heart Failure,

6

Coronary Artery Disease and Diabetes Mellitus Type II, in which the Defendants are aware of and have showed Depraved Indifference, with their Tortuous Interference and Fraudulent Intentional Misrepresentations among other things, so claimed Aforesaid in this Complaint.

12.     Whereas this Court, The United State District Court For the North East District OF Ohio, maintains Jurisdiction and Venue, Stewart seeks monetary civil penalties and any other such penalties as the Court deems appropriate, just and fair.

### *DEFENDANTS*

13.     **Defendant: the Department of Veterans Affairs (VA)**, is an independent government agency with a principal place of business located within the City of Washington within the District of Columbia at 810 Vermount Avenue, NW, Washington, DC 20420., with a Veterans Regional Office (VRO) and a Veterans Affairs Medical Center (VAMC) in Cleveland.

14.     The VRO is located within the North East District of Ohio at 1240 East Ninth Street, Cleveland, Ohio 44199. At all times relevant to this Complaint, the VRO is a part of the Veterans Benefits Administration and has provides service and has transacted business in the North East District of Ohio and throughout the State of Ohio, and the United States.

15.     The VAMC is located within the North East District of Ohio at 10701 East Blvd, Cleveland, Ohio 44106. At all times relevant to this Complaint, the VAMC is a part of the Veterans Health Administration and has provided service and has transacted business in the North East District of Ohio and throughout the State of Ohio, and the United States.

7

16.     **Defendant: Susan Fuehrer:** Defendant Susan Fuehrer, is the Medical Center Director, at the Department of Veterans Affairs VAMC, in Cleveland with her principal place of business located within the North East District of Ohio at the VAMC, at 10701 East Blvd, Cleveland, Ohio 44106, Cleveland, Ohio 44107. At all times relevant to this Complaint, Susan Fuehrer has transacted business in the North East District of Ohio.

17.     **Defendant Charles Moore:** Defendant Charles Moore, is the Veterans Service Center Manager, at the Department of Veterans Affairs VRO, in Cleveland with his principle place of business located within the North East District of Ohio at the Anthony J. Celebrezze Federal Bldg, located at 1240 East Ninth Street, Cleveland, Ohio 44199. At all times relevant to this Complaint, and to the best of my knowledge, Charles Moore has transacted business in the North East District of Ohio.

18.     **Defendant Deloris Cloud:** Defendant Deloris Cloud, is/was a the Department of Veterans Affairs VAMC, in Cleveland with her principle place of business located within the North East District of Ohio at the VAMC, at 10701 East Blvd, Cleveland, Ohio 44106. At all times relevant to this Complaint, and to the best of my knowledge, Deloris Cloud has transacted business in the North East District of Ohio.

19.     **Defendant Jessica Flesher:** Defendant Jessica Flesher, is the Chief, Health Information Management, at the Department of Veterans Affairs VAMC, in Cleveland with her principle place of business located within the North East District of Ohio at the VAMC, at 10701 East Blvd, Cleveland, Ohio 44106. At all times relevant to this Complaint, and to the best of my knowledge, Jessica Flesher has transacted business in the North East District of Ohio.

8

20.     **Defendant Michael Fullerton:** Defendant Michael Fullerton, is the Medical
Records Supervisor, at the Department of Veterans Affairs VAMC, in Cleveland
with his principle place of business located within the North East District of Ohio at the
VAMC, at 10701 East Blvd, Cleveland, Ohio 44106. At all times relevant to this
Complaint, and to the best of my knowledge, Michael Fullerton has transacted business
in the North East District of Ohio.

21.     **Defendant  K. Freeman:** Defendant K. Freeman, is a Decision Review Officer,
at the Department of Veterans Affairs VRO, in Cleveland with his principle place of
business located within the North East District of Ohio at the VRO, at the Anthony
J. Celebrezze Federal Bldg, located at 1240 East Ninth Street, Cleveland, Ohio 44199. At
all times relevant to this Complaint, and to the best my knowledge,  K. Freeman has
transacted business in the North East District of Ohio.

22.     **Defendant Will Brown**: Defendant Will Brown, is a Service Officer, wit The
American Legion, Department of Ohio, in Cleveland with his principal place of business
located within the North East District of Ohio at The American Legion, Department of
Ohio, c/o VAMC, 1240 East 9th Street, Room 923, Cleveland, Ohio 44199. At
all times relevant to this Complaint, and to the best my knowledge,  K. Freeman has
transacted business in the North East District of Ohio.

23.     **Defendant Melvin Kado, Jr.:** Defendant Melvin Kado, Jr., is a Service Officer,
with The American Legion, Department of Ohio, in Cleveland were his principal place of
business located within the North East District of Ohio at The American Legion,
Department of Ohio, c/o VARO, 1240 East 9th Street, Room 923, Cleveland, Ohio 44199.
At all times relevant to this Complaint, and to the best my knowledge, Melvin Kado, Jr.

9

has transacted business in the North East District of Ohio.

## OF COUNSEL FOR THE PLAINTIFF

24. The Plaintiff has chosen to advocate on his own behalf before this court, or *Pro se*, rather than being represented by a lawyer.

## *THE TITLE 44 USC SCHEME*

25. The genesis of this law suit lies in the United States Department of Veterans Affairs (VA), Cleveland Veterans Affairs Medical Center (CVAMC) and the Cleveland Veterans Regional Office (CVRO). The aforesaid have all originated, participated and shared in the return of income or profit, from the use of this scheme. The profits come from potential benefits not paid out, which affect their budgets.

26. The VA at 810 Vermont, NW in Washington, DC., and it [VA] is divided into to two (2) basic and separate units, the Veterans Affairs Medical Center (VACM) and the Veterans Regional Office (VRO), which are both Defendants to this case.

27. The First, the Louise Stokes Cleveland VAMC (Defendant), which is located at 10701 East Blvd., Cleveland, OH., has become a primary locations in this area, relating to the of business, medical, research, records keeping, transportation, records management, establishing of programs of record management, and from time to time they have a need to transfer records to records centers.

28. In managing these records, the Government have rules that must be followed under Title 44 of the United States Code (USC)such as 44 USC 3101 (Records management by agency heads, 44 USC 302 (Establishment of program of management),

10

44 USC 3103 (Transfer of records to records centers),44 USC 3104 (Certifications and determinations on transferred records, 44 USC 3105 (Safeguards), and 44 USC 3106 (Unlawful removal, destruction of records).

29.     The Second, the Cleveland VRO, which is located at `the Department of Veterans Affairs (Defendant), 1240 East Ninth Street, in Cleveland,OH, is responsible for mostly service in the region, including and not limited to beneficiary, Career Centers, Educational and Vocational Counseling, Fiduciary Program, Independent Living, Mortgage, Compensation, Life Insurance, and Pension, which in numerous instances, in connection with the aforesaid programs, they must request records from the VRO (Defendant)

30.     Again this Action is not about veterans benefits, but about how veterans are pressured into not filling for benefits and it's because a bag of tricks and illegal means in which the VAMC (Defendant) and the VRO (Defendant) Fraudulently Conceal material facts about the availability of their records.

31.     Some time ago, the VAMC (Defendant) in Cleveland, shipped three (3) trucks of veterans records, from a Federal Warehouse, to a VA (Defendant) Warehouse in Neosho, MO.

32.     Somehow, the labeling on the box or the envelope paper that says whats in the box was damaged or lost, which I don't under stand, because the box should have instructions on front of the standard-size and special purpose boxes for labeling the boxes for shipment, based on the rules as required on VA Handbook 6300.8.

33,     Whereas, the boxes didn't have the proper information on them, the warehouse refuses to search through each and every box to locate one particular File, so the veteran

11

is denied his/her records, and the records become alienated or destroyed, which is a violation of 44 USC 3105 (Safeguard).

34.    Whereas, the Neosho Warehouse (Neosho) is a VA Warehouse, instead of notifying the Archivist or the Administrator of General Services, the devised a Scheme between themselves, the VAMC (Defendant) and the VRO (Defendant) to hide the records in furtherance of this illegal Scheme in violation of 18 USC 1346 (Scheme).

35.    The Scheme works like this. A veteran needs his medical records for benefits purposes. She/He goes to the Cleveland VAMC (Defendant) Request for in formation window and turns it over to the clerk. If the information is in the computer, the clerk will hand it over to the veteran, and the task is complete. But now, if the Information Request falls in the rang that the clerk can not pull up on the computer, the clerk than ask the veteran to leave the form and it will be mailed as soon as possible.

36.    Once the request reaches the Freedom of Information or Request for Information Office, they review the information request. If at that time, the Director or some one in authority, notices that the information requested, is information in Neosho, they than hold the information, never requesting it from Neosho, because they already know, they can't retrieve it, and about two (2) weeks later, the VAMC (Defendant) forwards a letter to the veteran, stating "Please be advised we have no records which are responsive to your request". If you go back to the VRO [Defendant], the VRO [Defendant] will back up the VAMC [Defendant], about the availability of records.

37.    Whereas, the information or response in the letter is being deliberately hidden, non-disclosed, or suppression of a material fact or circumstance, which the VAMC [Defendant] is morally if not legally bound to reveal, it is apparent that the VAMC

12

[Defendant] intent to deceive the veteran. Because the VAMC [Defendant] and the VA [Defendant] have a implied contract, the veteran shall use their service, and they [Defendants] will furnish it. In the course of this Overt act, the VAMC [Defendant] has not only do it wit fraudulent concealment, they also committed a violation of 18 USC 1341-1343 (Mail and Wire Fraud) in furtherance of the scheme, in Ohio they are also in violation of ORC. 2913.01(K)(1), and ORC. 2913.42 (Tampering with records)(A)(1).

38.     The benefit for these to the VAMC [Defendant] and the VRO [Defendant] is additional monies haven to be potentially paid out in veterans programs, and helps both organization stay within their budgets. Unfortunately the Scheme 18 USC 1346 is illegal, and it breaks other laws including and not limited to "Rico", 18 USC 1961-1962 and Title 44.

### *THE TITLE 44 USC SCHEME TIME LINE*

39.     *22 January 2008*, forwarded a request for Non-Service Connected Pension and Service Connected Disability  for Left knee condition, Right knee condition, Left (non-dominant) shoulder condition, and Erectile dysfunction to the Cleveland Regional Veterans Administration. Filed on my behalf with the Cuyahoga Veterans Organization.

40.     *28 January 2008*, letter acknowledging the receipt of my applications and a request for more information.

41.     *18 March 2008*, a request for additional information or evidence.

42.     *25 April 2008*, again a request for additional information or evidence

43.     *28 April 2008*, I Contacted (by phone),Mr. Brown of The American Legion with concerns about non-service pension. I told him that I was told, that it would take about sixty (60) to ninety (90) days, and it was past that time. Mr. Brown stated that he would get back to me.

44.     *16 June 2008*, decision for service-connected disability based on loss of use for Left knee condition, Right knee condition, Left (non-dominant shoulder condition, and Erectile dysfunction, based on loss of use denied. You have one year from the date of this letter to appeal the decision.

45.     *8 November 2008*, Again I contacted Mr. Brown about the non-service pension, and again he stated that he was checking into it, and I should be hearing from the VA Regional Office, requesting that I come in for check up.

46.     *17 March 2009*, again Erectile dysfunction was denied and Diabetes mellitus type 2 was also denied. You have a right to appeal one year from the date of this letter.

47.     *April/May 2009*, On or about April or May of 2009, I called the VA's 1-800 number. At this time I was told that my file could only be at one place at a time, and as soon as the people working on my disability claim had completed their evaluation, they would send it to the people who handles the non-service pension.

48.     *19 June 2009*, letter of disagreement concerning the issue(s) left knee condition, right knee condition, left shoulder condition and erectile dysfunction condition.

49.     *25 June 2009*, received letter of disagreement concerning the issue(s) left knee condition, right knee condition, left shoulder condition and erectile dysfunction condition. Va will not be able to move forward to the next step of the appeal process for 60 (sixty) days from the date of this letter. On about September 2009.

*14*

50.     *(Postal Receipt #1498)* I forwarded a letter to Christine Alford, (VSCM) Department of Veterans Affairs, Cleveland Regional Office of disagreement with the decision and request for local hearing.

51.     *29 October 2009*, I made an Individuals' Request to Cleveland VAMC for a copy of my Health Information, VA Form 10-5345a, Copy of Their Own Health Information, requesting a copy of all medical records from 1970 thru 1987 inclusive.

52.     *February of 2010*, I meet with Mr. Tony Richards at the Warrensville Community Center along with Mr. Glen Daniels. I gave Mr. Richards a copy of all the information I had, and he said he would call the VA on my behalf.

53.     *31 March 2010*, Forwarded letter to Mr. Charles L. Moore, Veterans Service Manager , stating that I had no communications from the Department of Veteran Affairs, since my letter on 9 August 2009, and changes to my designated representative.

54.     *March/April*, I meet with Mr. Richards, at the Warrensville Community Center and he said that they told him (someone from the Cleveland Regional Office of the VA) they would have some answers by the end of the month.

55.     *May*, Again I meet with Mr. Richards, at the Warrensville Community Center and he said that they told him (someone from the Cleveland Regional Office of the VA) they would have some answers by the end of the month.

56.     *5 May 2010*, notice that the personal hearing requested has been scheduled on 01 July 2010, an estimated  (60)days .

57.     *June*, Once again I meet with Mr. Richards, at the Warrensville Community Center and he said that they told him (someone from the Cleveland Regional Office of the VA) they would have some answers by the end of the month about my Non-Service Connected Pension.

*15*

58.      *June 2010*, I request for more time because Cleveland VAMC had not located some of my records, records going back to April 1970.

59.      *7 July 2010*, I was called by Mr. Richards, at which time he stated, that the information was so old that they requested a new Form 21-527 (Income-Net Worth and Employment Statement) to complete my request for Non-Service Connected Pension, and that the needed a completed authorization stating he was my new representative.

60.      *21 July 2010*, I received letter sating that the hearing scheduled for 1 July 2010, at 11:00 a.m., on my claim for Left knee condition, Right knee condition, Left (non-dominant) shoulder condition, and Erectile dysfunction, had been canceled, per my request. The hearing has been rescheduled to 26 August 2010, at the Cleveland Regional Office, located at 1240 East Ninth Street.

61.      *10 August 2010*. I meet with Mr. Richards at his home. We went over the forms and he talked to someone from the VA, and advised them that Mr. Glen Daniel would deliver the another set of forms, Form 21-527 (Income-Net Worth and Employment Statement), because the old forms where to old. Mr. Daniels delivered to her, on or about 13 August 2010, a new set of completed Form 21-527.

62.      *26 August 2010*, presented letter to K. Freeman and all members of the Decision Review Board, outlining the reason for the hearing.

63.      *26 August 2010*, hearing with K. Freeman [Defendant], Decision Review Officer who asked if Mr. Mel Kado the American Legion attend the hearing and that if I would waive my right to a formal hearing, so done. Mr. Freeman [Defendant] stated that the need for more evidence in support of my claim for Left knee condition, Right knee condition, Left (non-dominant) shoulder condition, and Erectile dysfunction. Mr.

16

Freeman [Defendant] stated that he had been here befor and that the chances that the availability of records sought from over Forty (40) years was not practical, and that the out come of the appeal is dependent on those records. I told Mr. Freeman [Defendant], that I know that the records had to be there. Mr. Freeman [Defendant] stated that he [Mr. Freeman-Defendant] would make another request for those records, he [Mr. Freeman-Defendant]never did. When asked about the my application for Non-Service Connected Pension, that I applied for in January 2008, and reapplied for on 16 July 2010. Mr. Freeman [Defendant] requested, that I make another Form 21-527 for Non-Service Connected Pension, because the information was to old. Mr. Freeman [Defendant] stated that he [Defendant] would see if a Pension could be awarded or rated without a VA [Defendant] examination. Mr. Freeman [Defendant] completed the form 21-527, and I [Stewart] signed it.

65.    *26 August 2010,* I submitted a folder to Mr. Moore [Defendant] in accordance with the VA [Defendant] procedures as established by Congress affording veterans the right to appeal VA [Defendant] decisions.

66.    *27 August 2010*, received a letter stating g that the VA [Defendant] was working on my Appeal for Bilateral Knee Condition and Left Shoulder Condition, along with the official decision from Mr. Freeman [Defendant].

67.    *1 September 2010*, received a letter from the VA [Defendant] stating that they where working on my [Stewart] claim for Non-Service Connected Pension.

68.    *26 January 2011*, Received notice that the VA [Defendant] had received my [Stewart] Notice of Disagreement with their [Defendant] action. This is the first step in appealing to the Board of Veterans' Appeals (BVA). The appeal had to be in the

17

Cleveland VRO [Defendant] within sixty (60) days of this letter.

69.    *23 March 2011*, I [Stewart] wrote to Mr. Moore [Defendant] and requested more

time. At the advice of council and as per Form OMB No. 2900-0085, page four (4)

section 5. Written notice for more time, because the Cleveland VAMC [Defendant] had

not located Stewart's records. Request made by Certified Mail, certified mail

#70091680000038177863.

70.    *23 June 2011*, I [Stewart] received a letter from Ms. Delores Cloud [Defendant],

stating that the records I [Stewart] was looking for, please be advised that we [Defendant]

have no records which are responsive to your [Stewart] request (request was made 27

May 2011). The records Ms. Cloud [Defendant] was looking for, where the records for

1970-1972.

71.    *26 Jun 2011*, I received a letter from Ms. Delores T. Cloud [Defendant],

Supervisor, Release of Information stating that the request for information for the dates

from 1970 thru 1987,requested on 29 October 2009 (almost two (2) years was not

available.

72.    **16 July 2011**, I [Stewart] returned the VA [Defendant] Notice Response to Mr.

Moore [Defendant] electing , I [Stewart] will send more information or evidence to the

VA [Defendant]to support my claim for panic disorder with agoraphobia, general anxiety

disorder, and major depressive disorder. VA [Defendant] will wait the full thirty (30) days

from the date of the letter sent with this notice response before deciding my [Stewart]

claim.

73.    *27 July 2011*, I [Stewart] forward a letter to Mr. Moore [Defendant] about

representation by the American Legion for pension. Copies of that letter where forwarded

to Secretary Shineski [Defendant], Commander Jimmie Foster of The American Legion, and Senator Sherrod Brown of Ohio.

74.     *29 July 2011*, I [Stewart] made a Freedom of Information Act request, to the Department of Veterans Affairs [Defendant], in Washington D.C. At 810 Vermount Avenue, requesting records from the Cleveland VAMC [Defendant]. The records requested, where from April 1, 1970 thru May 31, 1972.

75.     *7 August 2011*, I [Stewart] responded to Ms. Clouds' [Defendant] letter of 26 June 2011 by Certified Mail, Certified Mail # 70103090000289364275. In that letter, I [Stewart] explained to her [Defendant], not only did I [Stewart] know the date, I [Stewart] also know the doctor, he was Dr. Marcus. I [Stewart] also stated that under 44 U.S.C. 3101, that she [Defendant] and the people at the Cleveland VAMC [Defendant] had the legal responsibility of protecting those records. So, if she [Defendant] would please advise me [Stewart] as to when these records would become available.

76.     *8 August 2011*, I [Stewart] received a response from my [Stewart] letter to Washington on 29 July 2011. The reply came from, Mr. James P. Horan, Director of FOIA Service. Mr. Horan stated that he had called Mr. Picklo [Defendant], the Privacy/FOIA Officer at the Cleveland VAMC [Defendant], and he [Mr. Picklo-Defendant] would be contacting me {Stewart}. He stated that they he requested that they [Defendant] do a file search.

77.     *6 September 2011*, I [Stewart] wrote a letter to Mr. Picklo [Defendant] the Privacy/FOIA Officer at the Cleveland VAMC [Defendant], asking him [Mr. Picklo-Defendant] to explain availability. Since Mr. Horan stated indirectly, that the records in question were not transferred to another agency, removed, loss or destroyed as outlined

19

in 44 U.S.C. 2908, 44 U.S.C 3104 and 44 U.S.C se 310600, and if so he [Mr. Picklo-Defendant] should have notified the proper authorities and or Archivist of any unlawful removal, and destruction of records.

78.   *15 September 2011*, After receiving some of the records, that could not be found prior to Mr. Horans' intervention, the records from 1973 thru 1987 where located and forwarded to me [Stewart]. I [Stewart] thanked Ms. Cloud [Defendant] by Certified Mail, Certified Mail#70103090000289364336, and explained to her [Ms. Cloud-Defendant], just as she [Ms. Cloud-Defendant] had found the aforesaid records, that were not available, I [Stewart] know that she [Ms. Cloud-Defendant],could find the remainder of those records. I [Stewart] understand that the Cleveland VAMC [Defendant] had incurred a great deal of man hours, but this quest for records is needed.

79.   *3 October 2011*, I [Stewart] received a letter from Mr. Picklo [Defendant] stating that the search had ended and that Ms. Cloud [Defendant] and the Medical Records Supervisor, [Defendant] both assured him [Mr. Picklo-Defendant] that there were no additional records responsive to my [Stewart] request. Mr. Picklo [Defendant] stated that the records were in a Federal Warehouse and when requested using the accession numbers from their [Defendant] log book, they [Defendants] received no reply.

80.   *9 October 2011*, I [Stewart] forwarded a folder to Mr. Moore [Defendant] at his [Mr. Moore-Defendant] request made on 23 June 2011, of information/evidence as it relates to and legally supports those requirements needed to meet the conditions for service-connected disability.

81.   *19 October 2011*, I responded to Mr. Picklos' letter dated 3 October 2011. In that letter I [Stewart] told Mr. Picklo, that the Cleveland VAMCs' inability to locate the records requested as required by United States Code 44 U.S.C. 2901, stating that the

20

disposition of records in government care, are not cared for at all. That inability is in favor of the government, for lost or misplaced records cannot be used by the persons directly affected by that lost (44. U.S.C. 3101). I explained to Mr. Picklo my understanding of the procedure for storing these record. I stated in that letter the following:

1. The records are placed into boxes. In these boxing, The contents of each box are logged by date, type of files papers, photographs copies, maps and so forth. Once the boxes are sealed, than each box is marked and placed on a pallet and each pallet is assigned an accession number. Now the boxes are ready for storage.

2. When transferring these records to a Federal Records Center, the transfering authority completes a Standard form135. On this Standard form 135, the originator indicates the Accession number, volume, Agency box number, and a series description (with inclusive dates of records), with any restrictions noted, as well as disposal authority (schedule and item number) along with disposal date.

3. The receiving Federal Records Center than  signs and dates the records received and the records are than stored in a location indicating shelf plan, container type, and if records are to be auto disposed.

4. When these record are requested or recalled from the records center. The requesting authority must go to the log book and find the date of the records that are being requested. Once the date is found, the requester than can see what accession number was assigned to that box..

5. The requesting agency makes a reference request from the Federal Records Center on To Recall the records from the Federal Records Center, the process is in the. reverse. Optional Form 11. On the Optional form 11, the requesting authority submits the accession number, agency box number, and the records center location number. Included also in that request, the requesting authority also states the nature of the service. That is if the service requested of the center is to furnish a copy of the records only, permanent withdrawal, temporary loan of records, review, or other service as specified.

6. Once the record center gets the request. The center reads the request and locates the records in question. The searcher than indicates, the date, the type of service requested, the time required for that search, and the

searcher's initials. If the records are not located based on the information
that is provided by the authority requesting it then the searcher must

indicate the reason way the records could not be located in the center by
that searcher, such as records not in center custody, records destroyed,
wrong accession number, wrong box number, wrong center location,
missing, or that the records have been previously charged out.

83.     This process seems somewhat simple. Based on the procedure stated above, the
key or the first thing one must have is the date and the accession number.

84.     When the Cleveland VAMC [Defendant] boxed the records in question, they
[VAMC-Defendant] had to log the date of the records in the boxes. So, when someone
request the records by date, between the release of Information Department, the Medical
Records Department, or the department with the authority to request the information
from the Federal Records Center, they had find the date of the records requested in order
to findout which boxes the records are in to get the correct accession number.This means
that the requesting authority should know first hand, befor any search, if the records are
in fact in storage, or if the records infact exsist. Mr. Picklo [Defendant], as I [Stewart] see
it.

85.     The record people at the Cleveland VAMC [Defendant], had to know before
requesting the records in question about the date, since the dates are one of the most
important parts of your [Mr. Picklo-Defendant] and any viable records management
system. My I [Stewart] suggest the following:

1. **SUGGESTION:** It you don't have a returned or an executed Optional Form 11
for the records in question, I would humbly suggest that the authorizing authority
at the Cleveland VAMC issue one post hast. Once Optional Form 11 is issued,
you should wait no longer than the time allowable by code to request a completed
form from the center, giving the disposition of those records.

2. **SUGGESTION:** If the records are in your log book, and are now missing (on your log and not in the box originally or in the box and lost or destroyed at the records center), in compliance with 44 U.S. Code 3106, the Archivist should be notified of any actual, impending, or threatened unlawful destruction of records and assist in their recovery.

Mr. Picklo [Defendant], I [Stewart] respectfully solicit your [Mr. Picklo-Defendant]utmost continuous do diligence in resolving this matter. The speedy retrieval of records provides a consistent and equitable support to protect the rights of Government, employees, and the people that they serves.

86.    *26 November 2011*, I [Stewart] requested all medical records from the National Archives and Records Administration for the dates beginning 1 January 1970 thru 31 March 1970 inclusively. Previous records had no discharge medical or records for treatment aboard ship.

87.    *5 December 2011*, pre-occupied with locating evidence, I [Stewart] had not heard from anyone [Defendant] about a non-service connected pension, or bribe, so I [Stewart] wrote Senator Sherrod Brown of Ohio. In that letter, I [Stewart] told him about the problems I [Stewart] was having with the VAMC [Defendant] and the Cleveland VRO.

88.    *6 December 2011*, I [Stewart] wrote to the National Personnel Records Center, in St. Louis. I [Stewart] explained to them, that there was a gap in my [Stewart] records, or records where not entered.

89.    *19 December 2011*, I [Stewart] received more records from the National Archives that were not included in the records received on 30 August 2007. One record in particular was the Report of Medical Examination, Standard form 88. On that form, item #39 in notes the LS-chine 1/2" and (3) LS-rt. Thigh 1-1/2" that I received in an indecent

on 26 January 1970 in An Thoi, South Vietnam as explain in my letter to Mr. Moore [Defendant], but had no proof of happening.

90.   **_19 December 2011_**, I [Stewart] received a copy of a letter from Senator Sherrod Brown, that he had sent to Mr. Robert Granstrom, Director, Department of Veterans Affairs, Pension Management Center, in Milwaukee, Wisconsin, where the Senator had requested, the status of my claim, including details about when he could expect to receive a decision. The Tel#. To contact that office is at 877.294.6380

91.   **_10 January 2012,_** I [Stewart] received a form letter from Mr. C. Moore [Defendant], stating that the VA [Defendant] was still processing my [Stewart] application for Compensation (bribe), he [Mr. Moore-Defendant] apologized and requested that I [Stewart] notify the VA [Defendant] immediately of any changes, as he [Mr. Moore-Defendant] was sending something soon.

92.   **_13 January 2012_**, I [Stewart] notified Mr. Moore [Defendant],by Certified Mail (7010309000289364367) that there were no changes, all mail from the VA [Defendant]should be sent to 2032 North Green, and that the 13000 primrose address was a temporary address.

93.   **_20 March 2012_**, I [Stewart] wrote Mr. Moore [Defendant] about my Compensation/Pension. Mr. Moore [Defendant] in a letter to Senator Sherrod Brown , dated 10 January 2012, Mr. Moore [Defendant] stated that the VA [Defendant] was working on it. I [Stewart] stated that it had been over sixty (60) days since that letter, and if he had some timing. I stated if nothing else the Cleveland VA [Defendant] was good at, it was good at **DELAY, DEFEND, DENY. In** addition to that request, I [Stewart] asked about Mr. Richards [Defendant] statement, that my [Stewart] request for appeal

24

had been denied last year. I [Stewart]asked, if so than how come I [Stewart] was

not notified.

94.    *8 May 2012*, I [Stewart] received a letter fro Senator Brown. In that letter Senator

Brown told me about the Benefits Rating Acceleration for Veterans Entitlements

(BRAVE), and as a member of the Senate Committee on Veterans' he takes it very

seriously.

95.    *23 May 2012*, I [Stewart] wrote the Secretary of Veteran Affairs, about my

problems at the VRO [Defendant] in Cleveland and the Cleveland VAMC [Defendant] .

I [Stewart] told him that I [Stewart] had also contacted Senator Sherrod Brown. I stated

in that letter, that the average time for non-service pension was sixty (60) to ninety (90)

day to receive it, and it has been almost five (5) years. I [Stewart] also stated that

Cleveland VRO [Defendant] and the Cleveland VAMC  [Defendant] are good at one

thing , an that is, delay, defend, and deny.

96.    *23 May 2012*, I [Stewart] wrote to Ms. Amy Gbenou, Privacy/FOIA Officer for

the Department of Veterans Affairs  [Defendant], in Washington, DC. I [Stewart]

forwarded to her a copy of thee (3) letters. The first was a copy of the 15 September 2002

to Ms. Cloud [Defendant] at the Cleveland VAMC  [Defendant], the second was a letter

to Mr. Picklo  [Defendant], on 3 October 2011 also at the Cleveland VAMC  [Defendant],

and third was  to Mr. Picklo,  [Defendant] sent to him on 19 October 20-11.

97.    *31 July 2012*, I [Stewart] wrote a joint letter to the following about the

availability of records:

A. *Department of Veterans Affairs/Washington D.C.*

(a) Ms. Linda A. Halliday, Assistant Inspector General

(b) Mr. James Horan, Director, FOIA Service,

© Ms. Amy Gbenou, Privacy/FOIA Officer

(d) Mr. Samuel Nichols, Federal Agency Records Officers

(e) Mr. Martin L. Hill, Federal Agency Records Officers

B. Department *of Veterans Affairs/Cleveland Regional Office*:

(a) Mr. Charles L. Moore, Veterans Service Center Manager

C. *Department of Veterans Affairs/Cleveland VAMC:*

(a) Mr. Joseph Picklo, Privacy/FOIA Officer (136 D)

(b) Ms. Michael Fullerton, Supervisor, Release of Information

D. *U.S. Senate Committee on Veterans' Affairs      /Washington D.C.*

(a) Senator Patty Murray, Chairperson

(b) Senator Richard Burr, Ranking Member

© Senator Sherrod Brown, The Honorable Senator From The Great

State of Ohio

E. *National Archives and Records Administration/Washington, D.C.*

(a) Mr. David S. Ferrero, Director, Archivist of The United States

F. *U.S. General Services Administrator       /Washington, D.C.*

(a)Ms. Susan F. Brita, Deputy Administrator

98.    *7 August 2012*, I [Stewart] received a reply from Senator Sherrod Brown,

regarding my letter of 31 July 2012, stating that, thanking me for contacting him

regarding problems in the Federal Government that affect the effectiveness of veterans

26

benefits delivery and compensation claims processing, he will have his legislative assistant investigate this matter.

99.   *20 August 2012*, I [Stewart] received a letter from Mr. James P. Horan, Director/FOIA Service, in regards to the letters forwarded him, on 23 May 2012, 5 July 2012, 6 August 2012, and the most current letter dated 31 July 2012. Mr. Horan stated that, he would contact Ms. Jessica Flesher [Defendant], Chief, Health Information Management at the Cleveland VAMC [Defendant], and that he has forwarded the letter dated 31 July 2012 for processing and a direct response to me [Stewart].

100.   *11 September 2012,* I [Stewart] sent a letter to the Director of the VA Records Center Vault, regarding accession Numbers from Cleveland VAMC from dates 1970, 1971 and 1972.

101.   *Undated Letter*, I [Stewart] received a letter from Kim Tuggle, manager at the VA Records Center and Vault, stating no request using the accession numbers received from Mr. Levins list had been received, and to request them, they must be requested by Cleveland VAMC [Defendant].

102.   *26 September 2012*, I [Stewart] wrote to Ms. Flesher [Defendant], Chief of Health Information Management, explaining to her [Ms. Flesher-Defendant] that I [Stewart] had received a letter from the V A,s Record Center and Vault, stating that the records I [Stewart] was looking for, was there, and sent me the accession numbers, but some one from the Cleveland VAMC [Defendant] had to request them, so I asked Ms. Flesher [Defendant] if she would do so. The accession number are 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 (1970), 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 (1971), and 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 (1972)

103. _4 October 2012,_ I [Stewart] called the Ebenefits hot line, after I [Stewart] could not receive any information about my [Stewart] case. I [Stewart] was told, that they would contact Cleveland VRO and I [Stewart] should here from them within 19 days.23 October 2012.

104. _23 October 2012,_ I [Stewart] called the Ebenifts line again. I [Stewart] was told that they would check and get back to me.

105. _24 October 2012,_ I [Stewart] received a call from Pat, of the Office of Inspector General (OIG), reply to ref 53/.88 (2013-238). Pat stated, that I [Stewart] should contact the Veterans Benefits Administration (VBA) at VBA office of communications and Case Management in Washington at 202-273-5674 or 202-273-7453,

108. _7 November 2012_, On the advice of the OIG, I [Stewart] contacted the Office of Communications and Case Management, I [Stewart] did not get a name of the person I [Stewart] talked to, they brushed me [Stewart] off, and stated they would have the Cleveland VRO [Defendant] office return my call.

109. _9 November 2012,_ After not hearing from the Cleveland VRO, again I [Stewart] called Washington, Office of Communications and Case Management (OCCM). This time I [Stewart] spoke to a lady by the name of Ms. Anderson. Ms. Anderson stated that she did not understand why the Cleveland VRO [Defendant] had not been responsive to not only my [Stewart] request, but to request made by OCCM. Ms. Anderson apologized and stated that she would contact me on 12 November 2012. Ms. Anderson again apologized and gave me her number, (202.273.5674)

110. _9 November 2012_, I [Stewart] called Mr. Bunkley, Minority Veterans Program Coordinator. I [Stewart] told Mr. Bunkley, that I [Stewart] was being denied Do Process. Mr. Bunkley looked up my [Stewart] claim and he stated that there has been no activity

28

on it for a long period of time, he stated that's strange, I [Stewart] told him I [Stewart] was being punished.. Mr. Bunkley asked that I [Stewart] call him at 7.30 a.m. Tuesday 13 November 2012. Mr. Bunkley stated, that he would have an answer.

101.   *13 November 2012*, I [Stewart] talked with Mr. Bunkley, Minority Coordinator, at the Cleveland VRO. Mr, Bunkley stated that my [Stewart] file was at the Cleveland VRO, and that he was going to make some entries in the record, and lets see what happens.

102.   *20 November 2012*, I [Stewart] called Ms. Anderson at the Office of Communications and Case Management (OCCM), at the 202.273.5674 number in Washington, they did it again. The number Ms. Anderson gave me [Stewart] was not her number for her office. Some one answered the number and said that they where going to transfer me [Stewart] to someone and gave me [Stewart] no name or number. The phone when answered, just said "leave your name and number",and I [Stewart] did, or did I [Stewart] understand what they said.

103.   *20 November 2012*, again I [Stewart] called the Office of Communications and Case Management. I [Stewart] explained to the person on the phone, that I [Stewart] had just called, and that I [Stewart] was transferred to another number, a number were the person or recording simply stated, "leave your name and phone number, and I will get back to you", the person on the other end of the line stated that they where the person on the recording. The person acted as if they were having a bad day, I [Stewart] received a number for Pensions, in Wisconsin, and excused myself. I [Stewart] tried the number and got a recording, that hung up on me. So, I again called Mr. Bunkley.

104.  *20 November 2012*, I [Stewart] called Mr. Bunkley and explained to him, that perhaps there was or is some confusion, and the confusion is do the fact that there were three are three separate issues and they are all being treated as one or not at all.

105.  *First* on 22 January 2008, I applied for a Non-Service Connected Pension and Service Connected Disability, the Service Connected Pension was for Left knee condition, Right knee condition, Left (non-dominant) shoulder condition, and Erectile dysfunction to the Cleveland Regional Veterans Administration. Filed on my behalf by the Cuyahoga Veterans Organization, at the Cleveland VAMC. Which the disability part of the claim in 26 August 2010 was put on hold until the records for 1970 thru 1972 inclusively could be located. The non-service connected pension part of the claim, according to Mr. Freeman was to be expedited, but I needed to complete a new application for pension or new income and net worth part of the form, because of the time between when I Completed the original request in 2008 until 2010, was over a two years prior, so I did, at that time.

106.  *Second* was the application for service connected disability for PTSD, panic disorder w/agoraphobia, generalized anxiety disorder, and major depressive disorder. The last letter I received about this claim was 18 January 2012, from Mr. Moore Stating that if he did not hear from me in 10 days, that they'll make a decision on this claim.

107.  After separating the two (2) claims, Mr. Bunkley stated that there was no claim ever filed for non-service connected pension. I [Stewart] told him, he must have made a

mistake. Non-service pension was why I [Stewart] started representing myself [Stewart], because for 2 years I [Stewart] could never get an answer from the American Legion or the VA [Defendant]. I [Stewart] explained to Mr. Bunkley that on the original form filled, we checked Pension & Disability. 22 January 2008. On 2010 in July I [Stewart] was asked to complete another form, by Mr. Richards [Defendant] and Mr. Denials delivered it to the VRO [Defendant]. Last one was completed at the request of Mr. Freeman [Defendant] on 26 August 2010. Mr. Bunkley replied, that there was no application at any time requesting a non-service pension, and I should bring any papers that I [Stewart] to his office on Monday 26 November 2012 at 8.35 a.m. With any evidence to the contrary. I [Stewart] asked him, if that is so than, why did Mr. Freeman [Defendant] ask me [Stewart] to only complete/or update the net worth and Income part of the form, because he [Mr. K. Freeman-Defendant] had the rest on file. In addition to that, why didn't Mr. Robert Granstrom, Director, Pension Management, tell Senator Brown, of Ohio, that there were no applications for pension in his office nor on/in the records.

108.    *26 November 2012*, Today I [Stewart] had a meting with Mr. Bunkley, at the Cleveland VRO [Defendant] of The Veterans Administration (VA) [Defendant]. Mr. Bunkley stated that I [Stewart] had nothing on record with the VA [Defendant] as far as non-service pension, and he called the VA Pension Office in Wisconsin. Mr. Bunkley asked the person on the other end of the line, if there was any thing on her record for a pension for me [Stewart], and she stated, no. The lady on the other end explained that the Cleveland VRO [Defendant] of the VA [Defendant], was dual region, that meaning all cases that had requested both Non-Service Connected Pensions and Disability claims

31

are being handled in house or at the regional level. Mr. Bunkley suggested that I [Stewart] do the following:

> 109. *First,* I should get another copy of the records from Lake West Hospital and Forward them to the Regional Office. These records should end the evidence needed for my second claim, the claim for PTSD, Panic Disorder with Agoraphobia, General Anxiety Disorder, and Major Depressive Disorder, filled in 2010.

> 110.  *Second*, I should go to the VA MC in Cleveland and again request the medical records for the periods between 1970 thru 1972 inclusively. This information will cover the original claim filled on 22 January 2008 for Left Knee Condition, Right knee condition and Erectile Dysfunction, that Mr. Freeman stated he was holding up for evidence from those years, over forty years ago.

112.   Today I [Stewart] went to the Cleveland VAMC [Defendant] and first made a request at the Request for Information/Record window and made that request. Along with the request I [Stewart] attached a copy of a letter from the Archives stating that the records I [Stewart] was requesting, was taken out of their custody and transferred to the Records Center Vault (RCV), and a letter from the RCV stating that the records in question, had to be requested by the VAMC [Defendant]in Cleveland. In addition to making that request, I [Stewart] also asked Mr. Dickson, the patient representative, if he would hand carry a copy to the Release of Information Officer.

113.   *5 December 2012*, Mailed a letter to Mr. Bunkley,  Department of Veterans
Affairs [Defendant], the VRO in Cleveland, Ohio, along with the two diary's of the
claims field in 2008 and 2010, by certified mail. Certified Mail Number
7006.0810.0001.9689.5666. Received at the Department of Veterans Affairs, VRO
Cleveland, Ohio.

114.   *6 December 2012*, Mailed a copy of the letter sent to Mr. Bunkley,along with the
two diary's of the claim field in 2008 and 2010 to Mr. Michael Cardarelli, Principal
Deputy Under Secretary for Benefits, of The Department of Veterans Affairs, in
Washington DC, by certified mail. Certified Mail Number 7006.0810.0001.9689.5659.
Received at the Department of Veterans Affairs  [Defendant], in Washington DC,

115.   *6 December 2012,*  I [Stewart] mailed a copy of the letter sent to Mr.
Bunkley,along with the two diary's of the claim field in 2008 and 2010 to Senator
Sherrod Brown, Senator of Ohio, to the attention of Mr. Crown in Washington, DC, by
certified mail. Certified Mail Number: 7006.0810.0001.9689.  Received at the  Senators'
office, 12 December 2012/by Tims.

116.   *20 December 2012*, I [Stewart] received a letter dated 14 December 2012, from
the Department of Veterans Affairs, Louis Stokes VAMC [Defendant], Mail Stop: 541-
136D, from the ROI Supervisor, a Mr. Michael Fullerton  [Defendant], for a request
made on 22 November 2012. The request was made for all medical records from 1970
thru 1972 inclusively. I [Stewart] have seen this letter befor, this is the form letter
forwarded to veterans, in request for records, that the VAMC  [Defendant] has
determined are past a cut-off date or something, a date that they [VAMC] think is a waste
of their time looking for. As it reads, "Please be advised we have no records which are
responsive to your request."

*33*

117. *22 December 2012*, I [Stewart] sent a letter to Ms. Kim Tuggle, VA Records Center and Vault, Onsite Manager, asking for disposition of containers and a formal request for information based on a Freedom of Information Act request, for the period from 1 April 1970 thru 1 April 1972. Request by certified mail, Certified Mail Number: 7006.0810.0001.9689.5635, received by the Vault, 26 December 2012/By J. Gilstrad

118. *8 January 2013,* I [Stewart] talked to Mr. Bunkley today. I [Stewart] advised Mr. Bunkley of the records being removed from my [Stewart] EBenefits account. He [Bunkley] advised me that his records show that the team leader has my records and that I [Stewart] should again wait another thirty days, effective 3 January 2013, or about 4 February 2013.

119. *28 January 2013,* I [Stewart] received a letter from Ms. Tuggle, of the VA Records Center and Vault, in Neosho, MO 64850. The letter was sent via stamps.com number 062S0000695378/64850. The letter stated"There has been no change in status since your [Stewart] September 2012 request". Which means, that the Cleveland VAMC [Defendant], had not even requested the information nor looked for the information as they had stated they had, in their [VAMC-Defendant] letter on 20 December 2012.

120. *05 February 2013,* I [Stewart] took a copy of the letter that I [Stewart] received from the VA Vault to Mr. Dixon the patient representative at the VAMC [Defendant] in Cleveland. Mr. Dixon called Michael Fullerton [Defendant]. Mr. Dixon asked Mr. Fullerton about the problem with the lost records. Once Mr. Dixon and Mr. Fullerton stop talking, Mr. Dixon explained to me what happened to my [Stewart]records. Mr. Dixon stated, that Mr. Fullerton [Defendant] told him that in the move or sometime around the move, from a Federal Warehouse, and the move to the VA Vault, the cover sheets on all

34

of the boxes had been lost, so no one knows what records are in what box, but Mr. Fullerton [Defendant] stated that he would get back to him[Mr. Dixon] in a week or so.

121.    *12 February 2013,* Today, prior to going to an appointment at the Cleveland VAMC [Defendant], I [Stewart] stopped at Mr. Dixon's office and asked him what was the results of his last meeting with Mr. Fullerton [Defendant], and he [Mr. Dixon] asked me if heard any thing and I said no and he replied, that Mr. Fullerton [Defendant] stated that he [Mr. Fullerton-Defendant] was sorry, but it was nothing he [Mr. Fullerton-Defendant] could not do anything about the lost or missing records.

122.    *15 February 2013,* Today I [Stewart] received two different letters. The First, was at my Primrose address, this latter stated, that I [Stewart] was having a review on *15 February 2013* at Parma, for an evaluation. The Second was delivered to my mothers home, and my permanent address. It stated that I [Stewart] should not miss my appointment. Both letters were mailed on **13 February 2013**, what a coincidence. The VAMC must have contacted the VRO, and told them I [Stewart] to see someone about the lost records, it's the only way they could have known, or buying time before the Archivist finds out. This, based on my information, has been going on for over ten (10) years.

123.    *25 February 2013,* I [Stewart] attended the appointment, he didn't have time to let me talk, so as he was short me, so I [Stewart] was short with him. A joke, all my [Stewart] Doctors or hold Doctors' Degrees. I [Stewart] am still following through with my Complaint.

# VIOLATIONS

## *VIOLATION-I*

## *VIOLATION of FEDERAL FREEDOM OF INFORMATION ACT 5 USC 522*

124.    Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

125,    Whereas, this action is brought against the defendants ,Department of Veterans Affairs, VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton, Will Brown, and Melvin Kado Jr..

126.    This law allows for the full or partial disclosure of previously unreleased information and documents controlled by the United States government. The Act defines agency records, not excluding the Department of Veterans Affairs, and outlines mandatory disclosure procedures, mandatory.

127.    Whereas, the aforesaid defendants have chosen to think that this Act does not apply to them, their wrong, nor do they think that USC 44 apply to them, and do as they please. There are over Twenty-Five Million Veterans in this United States, and to do so, to some, like Stewart, will bring hardship and others an early death.

128.    The Department of Veterans Affairs, knowing the hardship and death that they can and do, violate laws, such as 44 USC 3101, that make Veterans, like Stewart, able to get those records.

129.    The aforesaid defendants, lack of care in the management and disregard for the law, is criminal, which has damaged Stewart, to an extent to be determined at trial.

## *VIOLATION-II*
## *VIOLATION OF TITLE 44 RECORDS MANAGEMENT BY AGENCY HEADS*
## *44 USC 3101(1)(2)(3)*

130.    In 1964, Congress passed, based on 44 U.S. Code,  1964 ed., Sec. 396(a) (June 30, 1964, ch. 288, title V, Sec. 506(a), as added Sept. 5, 1950, ch. 849, Sec. 6(d), 64 Stat. 583. and has been in force since that date. 44 USC 3101  states that the head of each Federal agency shall make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency and designed to furnish the information necessary to protect the legal and financial rights of Government and of persons directly affected by the agency's activities.

131.    Whereas, the Defendants in numerous instances, in connection with the refusal to furnish the information necessary in violation of 44 USC 301, and didn't protect my legal and financial rights, as provided by this code, the Defendants, did so directly or indirectly, using  false, deceptive, or misleading representations as means to violate 44 USC 3101.

## *VIOLATION-III*
## *VIOLATION OF TITLE 44 ESTABLISHMENT OF PROGRAM OF MANAGEMENT*
## *44 USC 3102*

132.    In 1964, Congress passed, based on 44 U.S. Code,  1964 ed., Sec. 396(b) (June 30, 1964, ch. 288, title V, Sec. 506(b), as added Sept. 5, 1950, ch. 849, Sec. 6(d), 64 Stat. 583. and has been in force, and AMENDMENTS 1984, and EFFECTIVE DATE OF

37

1984 AMENDMENT, Amendment by Pub. L. 98-947 effective Apr. 1,1985, see section

301 of Pub. L. 98-497, set out as a note under 2102 of this tittle. As so Amended in Pars.

(2), (3). The head of each Federal agency shall establish an active, continuing program

for the economical and efficient management of the records of the agency.

133.    The program, among other things, shall provide for (1) effective controls over the

creation and over the maintenance and use of records in the conduct of current business;

cooperation with the Administrator of General Services and the Archivist in applying

standards, procedures, and techniques designed to improve the management of records,

promote the maintenance and security of records of temporary value; and (3) compliance

with section 2101-2117, 2507, 22901-2909, and 3101-3107, of this title and the

regulations issued under them.

134.    Whereas, the Defendants in numerous instances, in connection with the refusal to

furnish the information necessary in violation of 44 USC 3102, found it easier to avoid

this code, did so in violation of paragraph (1) of this code, Whereas the Defendants did

not have effective control of the records in their custody, and violated of paragraph (2)

did not cooperate with the Administrator of General Services or the Archivist, to promote

the maintenance and security of those records, and (3) are not in compliance with the

aforesaid sections of this title nor the regulations issued under them. For it was easier to

transfer records from a Federal Warehouse, with the intention of defying the law and

create a system so whereby they may create an illegal system of their own, that they

could control, or have no control, a system that denies the users of those records access

to, thereby denying the ones who need those records to defend them with a simple "Not

Available", and denying them their Constitutional right to Equal Protection and Due
Process.

## *VIOLATION-IV*
## *VIOLATION OF TITLE 44 TRANSFER of RECORDS TO RECORDS CENTER*
## *44 USC 3103*

135.    In 1968, Congress made prior provisions, a prior section 3103, Pub. L. 90-620,

Oct. 22 1968, 82 Stat. 1298, contained provisions similar to those comprising this

section, prior to repeal by Pub. L. 94-575, Sec. 3(a)(3). AMENDMENTS 1984 – Pub. L.

98-497 substituted "Archivist' for "Administrator" wherever appearing. The effective

date of 1984 Amendment, was so Amended by Pub. L. 98-497 effective Apr. 1, 1984, see

section 301 o Pub. L. 98-497, set out as a not under section 2102 of this title.

136.    44 USC 3103, states that when the head of a Federal agency determines that such

action may affect substantial economies or increased operating efficiency, he shall

provide for the transfer of records to ma record center maintained and operated by the

Archivist, or when approved by the Archivist, to a center maintained and operated by the

head of the Federal agency.

137.    Whereas, the Defendants in numerous instances, in connection with 44 USC

3101 and 44 USC 3102, found it easier to avoid the code, and did so. Taken advantage of

44 USC 3103, allowed the Defendants to continue their illegal activity, with minimum

oversight, as to the illegal activity that they are performing in violation of the aforesaid

laws, and other laws to come.

138.    It is obvious that the Defendant's had no intention to properly maintaining these records by their illegal and questionable business practices. And after over 15 years, even if it was a day, the Defendants, intentional or not, are in violation of Ohio law, and is so guilty of Theft, ORC. 2913.01(K)(1) (Theft) and ORC. 22913.42 (A)(1). In addition to the aforesaid, the Defendants, based on the definition, engaged in a 'racketeering activity" a violation of 18 USC 1961(1).and 18 USC 1962 (a)(c)

### *VIOLATION-V*
### *VIOLATION OF TITLE 44 CERTIFICATIONS AND DETERMINATIONS ON TRANSFERRED RECORDS 44 USC 3104*

139.    In 1964, Congress passed, based on 44 U.S. Code,  1964 ed., Sec. 396(B) (June 30, 1964, ch. 288, title V, Sec. 506(D), as added Sept. 5, 1950, ch. 849, Sec. 6(d), 64 Stat. 583. and amended Feb. 1,1964, Pub. L.  88-265, 78 Stat. 8). AMENDMENTS 1984-Pub. L. 98-4976 substituted"Archivist" for "Administrator of General Services" and "Archivist" for "Administrator" wherever appearing.

140.    The effective date of the 1984 amendment, was so amended by Pub. L. 98-497 effective Apr. 1, 1985, section 301 of Pub. L. 98-497, set out as a note under section 2102 of this title.

141.    44 USC 3104 states, when an official of Government who is authorized to certify to facts on the basis in his custody, may certify to facts on the basis of records that have been transferred by him or his predecessors to the Archivist, and may authorize the Archivist to certify to the facts and to make administrative determinations on the basis of records transferred to the Archivist, notwithstanding any other law.

40

142.    Whereas, the Defendants in numerous instances, in connection with 44 USC

3101, 44 USC 3102, and 44 USC 3103, found it easier to avoid the code, and did so.

143.    Now with 44 USC 3104, the Defendants have card blanch, not only can they do

what they want, they can warehouse as they want, and now they can or get some one else

to forge government document, explaining or shall I say make missing documents, go

away. Big Al, never had it so good and inside the Government also.

## *VIOLATION-VI*
## *VIOLATION- OF TITLE 44 SAFEGUARDS*
## *44 USC 3105*

144.    In 1964, Congress passed, based on 44 U.S. Code, 1964 ed., Sec. 396(c) (June

30, 1949, ch. 288, title V, Sec. 506(e), as added Sept. 5, 1950, ch. 849, Sec. 6(d), 64 Stat.

583). AMENDMENT 1984 – Pub. L. 98-497 substituted "Archivist" for Administrator

"Archivist" for "Administrator of General Services".

145.    USC 3105, states that the head of each Federal agency shall establish

safeguards against the removal or loss of records he determines to be necessary and

required by regulations of the Archivist.

146.    Safeguards shall include making it known to officials and employees of the

agency – (1) that records in the custody of the agency are not to be alienated or destroyed

except in accordance with section 3301-3314 of this title, and (2) penalties provided by

law for the unlawful removal or destruction of records.

147.    Whereas, the Defendants in numerous instances, in connection with 44 USC

3105, have violated section (1), whereas the Defendants have alienated Stewarts' records,

as part of the Title 44 Scheme, for some what over 15 years, to the point that they can not

41

identify, what file is what, or what records are what. The Defended a nightmare for those who need them, thereby eliminating the opportunity to enjoy Due Process and Equal Protection under the law, with a simple "Not Available".

## *VIOLATION-VII*
## *VIOLATION- OF TITLE 44  Unlawful removal, destruction of records 44 USC 3106*

148.    In 1964, Congress passed, based on 44 U.S. Code,  1964 ed., Sec. 396(c) (June 30, 1949, ch. 288, title V, Sec. 506(e), as added Sept. 5, 1950, ch. 849, Sec. 6(d), 64 Stat. 583). AMENDMENT 1984 – Pub. L. 98-497, Sec. 107(b)(21), submitted "Archivist' for Administrator of General Services' and "Archivist" for "Administrator". Pub. L. 98-497, Sec. 203(b) instead at end. "In any case in which the head of the agency does not initiate an action for such recovery or other redress within a reasonable period of time after being notified of any such unlawful action, the Archivist shall request the Attorney General to initiate such action, and shall notify the Congress when such a request has been made."

149.    44 USC 3106, states that, the head of each Federal agency shall notify the Archivist of any actual, impending, or threatened unlawful removal, defacing, alteration, or destruction of records in the custody of the agency of which he is the head that shall come to his attention, and with the assistance of the Archivist shall initiate action through the Attorney General for the recovery of records he knows or have reason to believe have unlawfully removed from the agency, or from another Federal agency whose records have been transferred to his legal custody.

150.    In any case in which the head of any agency does not initiate an action for such recovery or other redress within a reasonable period of time after being notified of any

42

such unlawful action, the Archivist shall request the Attorney General to initiate such an action, and shall notify the Congress when such a request has been made.

151.     Whereas, the Defendants in numerous instances, in connection with 44 USC 3106, again the Defendant has violated the code. In this instance the Defendant contrary to title 44 USC 3106, did not notify the problems as outlined in 44 USC 3106, of the problem that exist at the Neosho, VA Record Center and Vault, which has been hidden for over 15 years. Many Veterans have been denied benefits because of this scheme, some of now dead, which is a crime of murder in the second degree in Ohio.

## *COUNT VIII*

### *VIOLATION of FEDERAL STATEMENTS*
### *(18 USC 47 Sec. 1001(a)(1)(2)(3)*

152.     Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

153.     In numerous instances, in connection with providing vital information and service to Stewart, the Department of Veterans Affairs, Susan Fuehrer, Charles L. Moore, K. Freeman, Joseph Picklo, Deloris Cloud, Jessica Flesher, Michael Fullerton, Melvin Kado, Jr., and Will Brown, directly or indirectly, expressly or by implication, represent that certain records in their custody or held at a place for them, at all times maintaining their custody.

153.     Whereas, the aforesaid defendants in numerous instances, in an Overt act, advised Stewart upon requesting his medical records, that were in their custody, they advised Stewart, that the records he requested were "Not Available". The defendants knowing

that this information was false, in numerous instances, whereas, the aforesaid records were in Va custody, in Neosho, MO.(Neosho), alienated from the rest of the warehouse because of a paper work problem, and have been there for over fifteen (15) years, and so they sit in Neosho, MO., in violation of 44 USC 3105 (Safeguards) paragraph 2 section (1)(2). . In furtherance of the Scheme, the malicious intent of the aforesaid defendants, by using the U.S. Mail to forward that fraudulent information in violation of 18 USC 1341(Mail Fraud) with reckless disregard of Stewart's need of this information, continued in their conduct, and so falsified, conceals, and covered up by said Scheme a material fact, is in violation of 18 USC 47-Section 1001(1), and made materially false, fictitious, and fraudulent statements and misrepresentation, that are in violation of 18 USC 47-Section 1001 (a)(2), and whereas, the defendants made use of false writing knowing the information contained an Overt act of a materially false, fictitious,and fraudulent statements, did so, in violation of 18 USC 47-Section 1001 (a)(3).

154. Therefore, the representations set forth by the defendants, the Department of Veterans Affairs, Susan Fuehrer, Charles L. Moore, K. Freeman, Joseph Picklo, Deloris Cloud, Jessica Flesher, Michael Fullerton, Melvin Kado, Jr., and Will Brown, directly or indirectly, expressly or by implication, represent Stewart of all prior allegations of the Complaint, and incorporated them herein by reference as if fully set forth herein. .

155. By their actions, the aforesaid defendants have injured Stewart who has suffered damages to an extent to be determined at trail.

## *COUNT IX*

## **BREACH OF CONTRACT**

156.    Stewart reallege all prior allegations of the Complaint, and incorporate them herein by reference as if fully set forth herein.

157.    Whereas, the aforesaid defendants the Department of Veterans Affairs, VRO, Charles L. Moore, K. Freeman, Melvin Kado, Jr., and Will Brown's actions complained in the Complaint, indicates that in K. Freeman's' Office an Agreed-upon action was agreed-upon and signed by K. Freeman and Stewart, whereas Mr Freeman breached the contract, because he knew that the fact was, that the records were, as the say "unavailable", and he couldn't get them, and still made it a condition of the agreement.

158.    The defendants the Department of Veterans Affairs, VRO, Charles L. Moore, K. Freeman, Melvin Kado, Jr., and Will Brown's by their actions have injured Stewart, who have suffered damages to an extent to be determined at trail.

## *COUNT X*

## **VIOLATION of FEDERAL CONSPIRACY AGAINST RIGHTS 18 USC 241**

159.    Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

160.    In numerous instances, in connection with this "Scheme" the defendants, the Department of Veterans Affairs, Susan Fuehrer, Charles L. Moore, K. Freeman, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton, directly or indirectly, expressly or by implication, have intimidated, and prevented Stewart in the free exercise

45

or enjoyment of 44 USC 3101-3105, and in doing so have prevented Stewart from Equal

Protection and Due Process,  directly or indirectly, expressly or by implication, represent

Stewart of all prior allegations of the Complaint, and incorporated them herein by

reference as if fully set forth aforesaid and herein, and in doing so the aforesaid have not

allowed Stewart free exercise or enjoyment of any right or privilege secured to him

[Stewart] by the Constitution or laws, such as 44 USC 3101-3106 of the United States, or

because of Stewart having exercise the same.

161.    The defendants through their intimidation and tactics, the Department of  Veterans

Affairs,  VRO, VAMC, Charles L. Moore, K. Freeman, Joseph Picklo, Deloris Cloud,

Jessica Flesher, and Michael Fullerton By their actions the aforesaid defendants has

injured Stewart, who has suffered damages to an extent to be determined at trial.

## COUNT XI

## VIOLATION  of FEDERAL SCHEME (18 USC 1346)

162.    Stewart reallege all prior allegations in the Complaint, and incorporate them by

reference as if specifically set forth herein.

163.    This action is brought under 18 USC 1346, Scheme to defraud, where as the

defendants, the Department of  Veterans Affairs,  VRO, VAMC, Susan Fuehrer,

Charles L. Moore, K. Freeman, Joseph Picklo, Deloris Cloud, Jessica Flesher, Michael

Fullerton, Will Brown, and Melvin Kado, Jr., by their actions in use of the Scheme have

deprived Stewart of the intangible right of honest services, and denied Stewart of his

rights as stated under 18 USC 1346, and in addition to that have blocked Stewart from

Equal Protection and Due Process, as well are in violation of 44 USC 3101, protecting

46

Stewart's legal right to the record, and thereby leaving him defenseless in an effort to defend his self.

## *COUNT XII*

### VIOLATION  of  FEDERAL MAIL FRAUD (18 USC 1341)

164.    Stewart reallege all prior allegations in the Complaint, and incorporate them by reference as if set fort herein.

165.    This action is brought under 18 USC 1341 commonly known as Mail Fraud, and is asserted against the defendants the Department of  Veterans Affairs,  VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton.

166.    The aforesaid defendants, in furtherance of their Scheme, by means of false or fraudulent pretenses, representations, or promises in an effort get Stewart, to stop his pursuit in search of his records, which are the cornerstone to that pursuit, and so granted under 44 USC 3101, and to protect Stewarts' rights of Equal Protection and Due Process.

167.    In the defendants Overt acts and with the intent to deprive Stewart, of honest services, by use of the United States Mail, such misconduct, is in furtherance of their Scheme, constitutes a violation of 18 USC 1341 (Mail Fraud).

168.    By its action, the aforesaid defendants have injured Stewart, who has suffered damages to an extent to be determined at trial.

47

## *COUNT XIII*

## <u>VIOLATION of FEDERAL RICO (18 USC 1961 (1)(A)(4)</u>

169.     Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

170.     This action is brought under 18 USC 1961(1)(A) and (4), , commonly known as the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and is asserted against the defendants, the Department of Veterans Affairs, VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton, Melvin Kado Jr., Will Brown.

171.     The defendants are an "enterprise" within the meaning of 18 USC 1961(4) which "includes any , partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not legal entity.

172.     The aforesaid defendants are engaged in a Scheme, whereas the defendants used 18 USC 1961 (1)(A), 18 USC 1341 (Mail Fraud) in furtherance of that Scheme, to deprive Stewart of the intangible right of honest service, which is in violation of 18 USC 1346 ( Scheme to defraud), in a conspiracy against Stewart to deny him of his free exercise or enjoyment of such rights or privileges secured to Stewart by the Constitution or any such laws of the United States, such an Overt act, is in violation of 18 USC 241 (Conspiracy against rights).

173.     By the defendants Overt actions, the aforesaid defendants have injured Stewart, who has suffered damages to an extent to be determined at trial.

48

## *COUNT XIII*

## VIOLATION of FEDERAL RICO (18 USC 1962)(C)(d)

174.    Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

175.    This action is brought under 18 USC 1962(c)(d), , commonly known as the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), and is asserted against the defendants, the Department of Veterans Affairs, VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton.

176.    The defendants are an "enterprise" within the meaning of 18 USC 1961(4) which "includes any , partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not legal entity.

177.    Whereas, the aforesaid defendants have diverted income derived, directly or indirectly, from a pattern of racketeering, by means of the potential non-payment of benefits, thereby diverting said payment of income, those potential non-payments are diverted into or remain in the aforesaid defendants budgets, as income, directly or indirectly, in furtherance of the Scheme, the diversion of said income is in violation of 18 USC 1962 (c)(Prohibited activities), and whereas, the aforesaid defendants have conspired to violate the provisions of section 18 USC 1962 (c), such an unlawful violation, is in violation of 18 USC 1962 (d).

178.    By the defendants Overt actions, the aforesaid defendants have injured Stewart, who has suffered damages to an extent to be determined at trial.

49

## COUNT XIV
## VIOLATION of STATE OF OHIO TAMPERING (ORC.2913.42

179.     Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

180.     This action is brought under ORC.2913.42 (A)(1), , commonly known as "Tampering with records"the Ohio Revised Code law, and is asserted against the defendants, the Department of Veterans Affairs, VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton.

181.     Whereas, the aforesaid defendants have knowingly facilitated a fraud against Stewart, by concealing material information, in violation to Stewart's State and Federal right to Equal Protection and Due Process, the aforesaid defendants have conspired to violate the provisions of section ORC.2913.42 (A)(1) and (B)(1), and said writing are kept by a federal government entity, such a violation, is in violation of ORG.2913.42 (B) (4), and because such aforesaid violated is in furtherance of a Scheme, said violation is also in violation of (B)(3)(d).

182.     By the defendants Overt actions, the aforesaid defendants have injured Stewart, who has suffered damages to an extent to be determined at trial.

## COUNT XVI

## VIOLATION OF FEDERAL DEPRIVATION OF RIGHTS (18 USC 242)

183.     Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

184.    This action is brought under 18 USC 242, , commonly known as, "Deprivation of rights under color of law".and is asserted against the defendants, the Department of Veterans Affairs, VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton.

185.    Whereas, the aforesaid defendants, under the color of law have knowingly deprived Stewart, of such rights, privileges secured to protect Stewart by the Constitution or any of the laws of the United States, the aforesaid did not.

186.    The aforesaid defendants, with their Overt recklessness, have injured Stewart, who has suffered damages to an extent to be determined at trial.

## COUNT XVII

## VIOLATION of THE FIFTH AMENDMENT (DUE PROCESS)

187.    Stewart reallege all prior allegations of the Compliant and incorporate them herein by reference as if fully set forth herein.

188.    This action is brought under The Fifth Amendment, , commonly known as "Due Process", and is asserted against the defendants, the Department of Veterans Affairs, VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton, Will Brown, and Melvin Kado Jr., directly or indirectly, expressly or by implication, did so deny Stewart his Constitutional right to Due Process.

189.    By the aforesaid defendants, Overt acts, in numerous violations, such as 18 USC 47 Sec. 1001, Breach of Contract, 18 USC 241 (Conspiracy Against Rights), 18 USC

51

194.    Whereas the aforesaid defendants, Overt actions, have injured Stewart,

who has suffered damages to an extent to be determined at trial.

## COUNT  XIX

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

195.    Stewart reallege all prior allegations of the Compliant and incorporate them

herein by reference as if fully set forth herein.

196.    Whereas, this action is brought against the defendants ,Department of

Veterans Affairs, VRO, VAMC, Charles Moore, K. Freeman, Susan Fuehrer, Joseph

Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton, Will Brown, and Melvin

Kado Jr..

197.    The actions of the aforesaid defendants was intended to injure Stewart by their

acts. The activities engaged in by the aforesaid defendants have created and/or are

creating a serious risk of infliction of intentional infliction of emotional distress. Stewart

was in fact injured by the intentional acts of the aforesaid defendants.

198.    The outrages conduct of the aforesaid defendants, individually and severally, in

engaging in false, misleading and deceptive mailing, and is continuing to punish Stewart,

have caused Stewart humiliation, mental, stress and emotional distress.

199.    These acts of 18 USC 241(Conspiracy against rights,18 USC 242 (Deprivation of

rights under color of law) and other practices, collectively or individually, were and are

therefore a direct t and proximate cause of the pain, suffering, humiliation, and statutory

deprivations  described above, to Stewart.

53

200.     The deprivations suffered by the aforesaid defendants were a deliberate and

conscious act performed by each of the aforesaid Defendants.

201.     The actions taken by each aforesaid defendant, was and is taken without lawful

justification, constitute the negligent of emotional distress upon which Stewart

underwent under Ohio law.

202.     The actions of the aforesaid defendants, have and do take, without lawful

justification, constitute the intentional infliction of emotional distress upon which

Stewart struggled with.

203.     Whereas, the aforesaid defendants, Overt actions, have injured Stewart,

who has suffered damages to an extent to be determined at trial.

## *COUNT XX*

## *RECKLESS AND WANTON MISCONDUCT*

204.     Stewart reallege all prior allegations of the Compliant and incorporate them

herein by reference as if fully set forth herein.

205.     The defendants, Department of  Veterans Affairs, VRO, VAMC, Charles Moore,

K. Freeman, Susan Fuehrer, Joseph Picklo, Deloris Cloud, Jessica Flesher, and Michael

Fullerton, Will Brown, and Melvin Kado Jr., actions alleged above amount to reckless

misconduct which has damaged Stewart, to an extent to be determined at trial.

## *RELIEF REQUESTED*

WHEREFORE, Stewart respectfully requests that this Court:

    (a)    Notify the Archivist of the problem, because there are actual,

impending, and threatened unlawful removal or continued destruction of

records in the VA Custody, and it is, with reason to believe, that the head

of the VA is not in accords with ***44 USC 3106.*** It is than the job of the

Archivist to request the Attorney General to initiate such an action, and the

Attorney General, shall notify the Congress when such a request has been

made, about lost or missing records.

    (b)    Issue a Preliminary Injunction have the Archivist check and bring

originators log book up to date, at Department of Veterans Affairs (VA)

cost.

Issue a Preliminary Injunction having Neosho bring alienated records on

line, at VA cost.

    ( c)    Issue a Preliminary Injunction having the Department of Veterans Affairs.

along with the Archivist run monthly checks until the Archivist thinks, the

plain is working, at VA cost.

    (d)    Issue a Preliminary Injunction having government Official certify to

the fact that the records are checked bi-monthly, at VA cost.

    (e)    Issue a Preliminary Injunction to have an outside Government Official

check the safeguards, to make sure, of record safety, at VA cost.

(f)   Grant expedited discovery discovery pursuant to Fed. R. Civ.

P 26 et seq., to aid in developing the facts for the preliminary Injunction.

(g)   Grant Preliminary Injunction without requiring Stewart to post bond

or security for coast or damages

(h)   Permanently enjoin the VA from engaging future conduct which

constitutes a violation of the law.

(I)   Permanently enjoin Defendants from engaging in the future in conduct

which amounts to fraud, reckless and wanton misconduct, intentional

infliction of emotional distress, conspiracy, deprivation and using their

authority (rights under color of law)upon Stewart.

(j)   Award Stewart a judgment against the VA, for actual or statutory damages

or compensatory damages to the tune of one-hundred and ten thousand

(110.000)dollars.

(k)   Award Stewart against Charles Moore, K. Freeman, Susan Fuehrer, Joseph

Picklo, Deloris Cloud, Jessica Flesher, and Michael Fullerton, Will

Brown, and Melvin Kado, Jr., severely, for punitive or exemplary

damages for twenty-thousand ($20,000) dollars.

(l)   Award Stewart a judgment against the VA, for punitive or exemplary

damages for five-million ($5,000,000) dollars.

(m)   Award Stewart his reasonable cost and expenses.

(n)   Award Stewart reasonable attorney' fees.

(o)   Refer any and all crimes to the appropriate prosecutorial authorities for

action.

(p)     Grant Stewart such other additional relief as this court deems equitable.

By _____

       Kenneth A. Stewart
       11300 Primrose Ave.
       Cleveland, Ohio 44108
       Tel: 216.339.8560
       Tel: 216.738.1064

State of Ohio()

        SS:_____

County of Cuyahoga()

On _____, 2013 before the undersigned, personally appeared

Kenneth A. Stewart, known to me to be the person making the above statements, who

acknowledge under oath that he subscribed to and executed the above pleading for

purpose therein stated.

_____

Notary Public/ Commissioner of the Superior Court

Countersigned /Witness By: _____ (Signature)

                         _____ (Print name)

                         _____ (Tel:) optional