UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH A. STEWART,** | ) | **CASE NO. 1:13 CV 494** |
| | ) | |
| Plaintiff, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **UNITED STATES OF AMERICA** | ) | |
| **DEPARTMENT OF VETERANS** | ) | |
| **AFFAIRS,** | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Kenneth A. Stewart filed this action against the United States Department of Veterans Affairs ("VA") under *Bivens*[1], 18 U.S.C. §§ 241, 242, 1001, 1341 and 1346, the Freedom of Information Act ("FOIA") 5 U.S.C. §522, the Federal Records Act ("FRA") 44 U.S.C. §§ 3101-3106, and the Racketeer Influenced Corrupt Organizations Act ("RICO") 18 U.S.C. § 1964(c).[2] He also asserted claims arising under Ohio law. In the

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).

[2] Plaintiff initially named nine individuals as defendants along with the Department of Veterans Affairs. He later amended his pleading to dismiss the claims against the individual defendants.

Complaint, Plaintiff asserts the VA did not properly maintain and store veteran records and failed to produce documents he requested under the Freedom of Information Act. He seeks monetary relief and an order requiring the United States Archivist to monitor and correct records retention problems within the VA.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

## I. BACKGROUND

Plaintiff is an unemployed veteran with numerous medical problems, including post traumatic stress disorder, bipolar disorder, general anxiety disorder, anemia, panic attacks, congestive heart failure, coronary artery disease and diabetes. In 2008, he applied for a non-service pension and for service-connected disability for loss of use of his left knee, a "right knee condition," a left "non-dominant shoulder condition," and erectile dysfunction. The Veterans Regional Office responded that they needed additional information to process his applications. His requests for service related disability were denied in June 2008 and March 2009. The reason given for the decision was that additional medical information was required to support his claims. Plaintiff appealed the denial of benefits and requested a hearing.

Plaintiff initiated a series of requests to obtain records to support his applications. In response to one request, the Veterans Affairs Medical Center ("VAMC") warned Plaintiff that it may be difficult to obtain all of the records he requested because some were more than 40 years old, and records were not typically held that long. In June 2011, VAMC employee Deloris Cloud informed Plaintiff that they did not have records from 1970-1972. Plaintiff did not accept this response and notified Cloud that the VAMC had a legal responsibility to protect his records

-2-

and demanded that she advise him when the records would be available for pick up.

In July 2011, Plaintiff filed a Freedom of Information Act ("FOIA") request with the VA seeking his records from April 1, 1970 through May 31, 1972.  He alleges that in response to the request, the VAMC produced some of his records from 1973 to 1987.  On October 3, 2011, the VA FOIA Officer notified Plaintiff that the search was complete and there were no additional documents responsive to his request.  Plaintiff did not believe the agency had been sufficiently thorough in its search and wrote to the FOIA Officer at the VA in May 2012 and July 2012 asking the agency to search a second time.  The FOIA Officer indicated he would contact the Chief Health Information Officer in Cleveland, because if any additional records did exist, they would be in Cleveland.  Plaintiff received a response from the Cleveland office on December 20, 2012 indicating they could not locate any additional records.

Plaintiff asserts the VA did not comply with his records request.  He claims they are required by statute to maintain and properly store his records and therefore must have his records somewhere. He alleges that the VAMC in Cleveland moved three trucks full of veteran's records from a warehouse in Virginia to a warehouse in Neosho, Missouri.  He theorizes that "somehow the labeling on the box...that says what's in the box was damaged or lost."  (ECF No. 1 at 9).  He concludes that warehouse personnel do not want to search through each and every box to locate a particular file that may have been misplaced or mislabeled.  He contends the VA has "chosen to think that [FOIA] does not apply to them, their [sic] wrong, nor do they think that USC 44 apply [sic] to them, and do as they please."  (ECF. No. 1 at 35).  He asserts claims for violations of FOIA, RICO, FRA, six criminal statutes, constitutional rights and various state contract and tort laws.  He seeks compensatory and punitive damages, and an

Order directing to the National Archivist and the VA to automate its records maintenance system and check its records bi-monthly to ensure the system is operating without flaws.

## II. LAW AND ANALYSIS

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to

the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**No Private Right of Action**

As an initial matter, Plaintiff claims the VA did not properly maintain its records as required. He brings a claim under the Federal Records Act ("FRA") to obtain damages and to compel the VA to devise a better system for maintaining veterans' records. The FRA, however, does not confer a private right of action on private parties. *Kissenger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 148 (1980). Only the Attorney General can bring an action to enforce provisions of the FRA. *Id*. In enacting this statute, Congress expressly recognized the need for devising adequate statutory safeguards against the unauthorized removal or destruction of agency records, but created a system of administrative standards and enforcement. *Id*. Therefore, even if the VA violated the FRA with respect to handling Plaintiff's records, Congress did not vest this Court with jurisdiction to adjudicate that question in a civil lawsuit by a private party. *Id*.

Similarly, Plaintiff contends VA personnel violated 18 U.S.C. §§ 241, 242, 1001, 1341, and 1346. These are criminal statutes. They provide no private right of action. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994).

**Sovereign Immunity**

While a private right of action does exist under RICO, *Bivens*, and the state law provisions cited in the Complaint, Plaintiff cannot bring those claims against the United State or its agencies. The United States, as a sovereign, is immune from suit unless it explicitly waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590–91 (1941). The terms of its

consent to suit for a particular cause of action define the Court's subject matter jurisdiction. *McGinness v. U.S.*, 90 F.3d 143, 145 (6th Cir. 1996). A waiver of sovereign immunity must be strictly construed, unequivocally expressed, and cannot be implied. *United States v. King*, 395 U.S. 1,4 (1969); *Soriano v. United States*, 352 U.S. 270, 276 (1957).

The United States has not consented to suit in an action under *Bivens*, RICO, or to any of the causes of action arising under state law. *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994); *Okoro v. Scibana*, No. 02-1439, 2003 WL 1795860 at * 1 (6th Cir. April 1, 2003); *Name.Space, Inc. v. Network Solutions, Inc.*, 202 F.3d 573, 581 (2d Cir. 2000); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991). This Court lacks subject matter jurisdiction to consider these claims.

**FOIA Claims**

Finally, Plaintiff claims the VA either did not perform an adequate search for documents or refused to turn over documents in violation of FOIA. FOIA confers jurisdiction on this Court to enjoin an agency from withholding records and to order the production of any agency records improperly withheld. 5 U.S.C. § 552(a)(4)(B). Under this provision, federal jurisdiction is dependent on Plaintiff showing that an agency has (1) improperly (2) withheld (3) agency records. *Kissinger*, 445 U.S. 136, 150 (1980). FOIA requires the requester to be specific in his or her request. *Id.* To trigger the right of access to records under FOIA, an individual must reasonably describe the records requested. 5 U.S.C. § 552(a)(3)(A). In doing so, the description must be "sufficiently detailed so that a professional employee of the agency, familiar with the general subject area, could reasonably be expected to find the desired documents." *Lamb v. I.R.S.*, 871 F. Supp. 301, 303-05 (E.D. Mich. 1994).

Requests may fall into one of three categories: (1) those requests which are outside the scope of FOIA, (2) those requests which are within the scope of FOIA or (3) those requests which seek documents or information exempt from disclosure. *See Lamb*, 871 F. Supp. at 304. Agencies are only required to produce documents actually in their possession and are not required to obtain additional documents, or to compile information into new documents. *Kissinger*, 445 U.S. at 150. Requests for legal research, and unspecific requests for answers to interrogatories also are not considered "records" within of the scope of FOIA. *See Lamb*, 871 F. Supp. at 304; *Di Viaio v. Kelley*, 571 F.2d 538, 542-43 (10th Cir.1978).

Moreover, some records, although within the scope of FOIA, are exempt from disclosure under the statute. 5 U.S.C. § 552(b). These exemptions include information or documents that are: (1) labeled as classified by Executive order; (2) related solely to the internal personnel rules and practices of an agency; (3) specifically exempted from disclosure by statute; (4) considered to contain trade secrets and privileged or confidential commercial or personal financial information; (5) inter-agency or intra-agency memorandums or letters; (6) personnel and medical files which if disclosed would constitute a clearly unwarranted invasion of personal privacy; (7) records or information compiled for law enforcement; (8) contained in or related to reports prepared by an agency responsible for the regulation or supervision of financial institutions; and (9) geological and geophysical information and data, including maps and wells. The exemptions are narrowly construed. *Dep't of the Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001).

In a FOIA action, the facts are viewed in a light most favorable to the requester of information. *See Becker v. IRS*, 34 F.3d 398, 405 (7th Cir.1994); *Knittel v. I.R.S.*, 795 F. Supp.

2d. 713, 718-19 (W.D. Tenn. 2010). The agency bears the burden to establish that materials sought by the Plaintiff have not been improperly withheld. *Rugiero v. United States Dep't of Justice*, 257 F.3d 534, 547 (6th Cir. 2001). "[The] agency must make a good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *Id*. Where the Plaintiff alleges that the agency improperly withheld documents through its failure to locate them, the agency's burden is to establish that it conducted an adequate search that failed to produce the requested records. *See Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982). "[A] search need not be perfect, only adequate, and adequacy is measured by the reasonableness of the effort in light of the specific request." *Knittel*, 795 F. Supp.2d at 718 (quoting *Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir.1986). A search is adequate if it is "reasonably calculated to discover the requested documents." *Rugiero*, 257 F.3d at 547 ("The FOIA requires a reasonable search tailored to the nature of the request."). If the agency withholds documents, it bears the burden of establishing that the materials sought are exempt under the statute from disclosure. *Kissinger*, 445 U.S. at 150.

If the agency sustains its burden of demonstrating that it conducted a reasonable search that failed to uncover any relevant documents, the burden shifts to the Plaintiff to demonstrate that the agency acted in bad faith in conducting its search. *Id*. Agency actions are generally entitled to a presumption of good faith, but "[t]his presumption may be overcome where there is evidence of bad faith in the agency's handling of the FOIA request." *Jones v. FBI*, 41 F.3d 238, 242 (6th Cir.1994).

Prior to examining the merits of a FOIA claim, however, the Court must first determine whether Plaintiff exhausted his administrative remedies. This is a threshold inquiry to a FOIA

-8-

claim and a condition precedent to the exercise of federal court jurisdiction. *Ocon-Fierro v. Drug Enforcement Admin.*, No. 1:10–cv–1228, 2013 WL 869911, slip op. at * 4-8 (W.D. Mich. Feb. 15, 2013). This exhaustion requirement is intended to "allow a federal agency to exercise its discretion and authority, as well as create a descriptive factual record for the district court to review if necessary." *Id*. at *4. The party seeking information under the FOIA must request specific information in accordance with published administrative procedures and have the request improperly refused before that party can bring a court action under the FOIA. 5 U.S.C. § 552(a)(1)(2)&(3); 5 U.S.C. § 552(a)(4)(B). A plaintiff's failure to exhaust administrative remedies precludes a federal court from exercising subject-matter jurisdiction over the party's FOIA claims. *Id*.

FOIA provides for two different types of exhaustion, actual and constructive. Actual exhaustion occurs when the agency denies all or part of a party's document requests, and Plaintiff files the appropriate appeals which are denied by the agency. Constructive exhaustion occurs when the agency fails to comply with the applicable time limit provisions of 5 U.S.C. § 552(a)(6)(C). These time limitations in which an agency must respond to an otherwise proper FOIA request only commences once the request is received by a component of the agency "that is designated in the agency's regulations under [FOIA] to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii). An agency may extend the response time, under certain circumstances, if it provides notice to the requester under 5 U.S.C. § 552(a)(6)(B)(i) and (ii).

In this case, Plaintiff fails to provide sufficient information to establish that he exhausted his administrative remedies or that the VA improperly withheld agency records. Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is

-9-

entitled to relief." Fed. R. Civ. P. 8(a)(2). A pleading must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This standard requires a pleading to contain more than "labels and conclusions or ... naked assertion[s] devoid of further factual enhancement." *Id*. In determining whether Plaintiff met this standard, the Court is not required to "accept as true a legal conclusion couched as a factual allegation." *Id*.

    **a. Exhaustion of Administrative Remedies**

There is no indication in the Complaint that Plaintiff either actually or constructively exhausted his administrative remedies against the VA. Plaintiff states that he filed a FOIA request on July 29, 2011 for "records ... from April 1, 1970 thru May 31, 1972." (ECF No. 1 at 17). He indicates he received some documents "that could not be found prior to [the FOIA Officer's] intervention, the records from 1973 thru 1987," but received notice on October 3, 2011 that no additional records could be found that were responsive to his request. (ECF No. 1 at 18). Agency regulations require the appeal to be taken within 60 days. While he immediately wrote a letter to the VAMC to complain about their care and storage of records, he does not allege he filed an appeal of the determination with the appropriate authority within the agency. Plaintiff has not alleged any facts to suggest he exhausted his administrative remedies. Therefore, this Court is precluded from exercising subject-matter jurisdiction over Plaintiff's FOIA claim. 5 U.S.C. § 552(a)(6)(A)(i)-(ii).

    **b. FOIA Requests**

In addition, even if Plaintiff had demonstrated exhaustion of his administrative remedies, his conclusory allegations of records denial fails to set forth a prima facie case for violating the

-10-

FOIA. Plaintiff does not provide copies of his FOIA requests and does not allege in his Complaint what specific information he requested from the VA. He simply states he requested "records...from April 1, 1970 thru May 31, 1972." (ECF No. 1 at 17). He claims he was provided with some documents from 1973 to 1987, and was then told there were no other records relevant to his request. Plaintiff does not indicate what specific type of information he requested and what specific information he was provided.

Moreover, Plaintiff had been told by the agency prior to his FOIA request that it may be difficult to obtain all of the records he requested because some were more than 40 years old, and records were not typically held that long. He disregarded that explanation and instead concluded that the warehouse personnel do not want to look through all of the stored boxes for records which may have been misplaced. Although the agency is required to conduct a good faith search for the specific documents, it is only required to produce documents actually in the agency's possession. It is not required to obtain additional documents, or to compile information into new documents. *Kissinger*, 445 U.S. at 150. Absent specific information concerning the types of records sought, which define the criteria for the search, and absent specific information concerning the types of documents provided to him in response to his request, Plaintiff fails to allege sufficient facts to suggest that the Defendant wrongfully withheld documents.

### III. CONCLUSION

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted. His claims under *Bivens*, 18 U.S.C. §§ 241, 242, 1001, 1341, and 1346, the Federal Records Act 44 U.S.C. §§ 3101-3106, the Racketeer Influenced Corrupt Organizations Act 18 U.S.C. § 1964(c), Ohio Revised Code § 2913.42, and other causes of action under Ohio law are

-11-

dismissed with prejudice pursuant to 28 U.S.C. §1915(e). Plaintiff's claim under the Freedom of Information Act ("FOIA") 5 U.S.C. §522 is dismissed without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

    IT IS SO ORDERED.

                                  s/ Christopher A. Boyko
                                  CHRISTOPHER A. BOYKO
                                  UNITED STATES DISTRICT JUDGE

DATED: September 4, 2013

---

[3] 28 U.S.C. § 1915(a)(3) provides:

>An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.